FILED
2005 Feb-17 AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| EDDIE L. TUCKER, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 03-AR-3107-M |
| | } | |
| TALLADEGA CITY BOARD OF EDUCATION, et. al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

Defendants, Talladega City Board of Education ("the Board"), and Leonard Messer, who is sued both individually and in his official capacity as Superintendent of the Board ("Messer"), have moved for summary judgment. They seek the dismissal of all of the claims brought by plaintiff, Eddie L. Tucker ("Tucker"), pursuant to Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

Tucker, who is black, held an administrative position with the Board from 1989 until 2003, when, after a four day hearing, he was terminated on the recommendation of Messer, who at that time was the interim Superintendent of the Board. Tucker appealed his termination to the Alabama State Tenure Commission, the appropriate State agency for reviewing it. The Commission found that the Board's decision "was neither arbitrarily unjust nor for personal or political reasons".

The court can detect no real resistance from Tucker to defendants' motion for summary judgment insofar as it challenges

his claim that race played a part in the decision to terminate him. No matter what federal statutes are being invoked by Tucker, defendants' motion must be granted as to Tucker's race discrimination claims. Tucker has simply failed to demonstrate any motivation based on race. Not only has he provided no direct evidence of racial animus, but there is no showing that he was replaced by a person not in his protected class, nor that he was treated differently from any white employee who can fairly be compared with him.

Tucker's claims of retaliation brought under Title VII, § 1981 and § 1983, are based both on what he alleges to have been the adverse employment action in the form of termination resulting from his prior EEOC activity, and on what he alleges to have been the same adverse employment action occasioned by his exercise of his constitutionally protected speech. If this court had not learned what it learned from *Bishop v. City of Birmingham Police Department*, 361 F. 3d 607 (11th Cir. 2002), it would find Tucker precluded from bringing his Title VII claims by the State administrative finding against him. The quasi-judicial review by the Alabama State Tenure Commission did not expressly address the issue of retaliation, but it implicitly ruled against Tucker on all of the same issues he raises here. Under *Bishop*, the § 1981 and § 1983 claims of retaliation, whether for prior EEOC activity or in response to his exercise of free speech, are precluded by *Travers*

*v. Jones*, 323 F. 3d 1224 (11th Cir. 2003). *Travers* still applies to Tucker's § 1981 and § 1983 claims. *Bishop* guarantees the continued viability of his Title VII claims not otherwise precluded.

Because Messer was not Tucker's employer, he is not subject to suit under any Title VII theory, including retaliation. As far as the Board is concerned, the Title VII retaliation claim survives its motion for summary judgment, although the race discrimination claim has not survived. A claim of retaliation for EEOC activity is, of course, different from the claim of retaliation for protected speech, which does not involve any discrimination against a protected class, the discrimination that Title VII was designed to prevent. Because Messer, in his capacity as Superintendent, is, in effect, the Board, he enjoys the preclusive effect of *Travers* to the extent he is sued in his official capacity under § 1981 and/or § 1983. He is not susceptible to suit under § 1981, as an individual, because there is no evidentiary basis for a claim of racial bias in any action that Messer took.

As to the § 1983 claim against Messer individually, he interposes the defense of qualified immunity. The court concludes that there is evidence upon which a reasonable fact finder could find that some if not all of Tucker's political speech involved matters of public interest and were therefore protected by the First Amendment, and that there is evidence upon which a causal

connection could be found between Tucker's EEOC activity and/or his protected speech and his termination.  Assuming for the sake of this opinion that Messer knew that he was retaliating against Tucker for what Tucker said publicly, no reasonable Superintendent could have thought that he could respond by recommending termination.  Therefore, qualified immunity is unavailable to Messer as a defense to the § 1983 claim.

A separate order implementing this opinion will be entered.

DONE this 17th day of February, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE