IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

EDDIE L. TUCKER,            }
                            }
    Plaintiff,               }
                            }       CIVIL ACTION NO.
v.                          }       03-AR-3107-M
                            }
TALLADEGA CITY BOARD OF     }
EDUCATION, et. al.,         }
                            }
    Defendants.             }

**<u>MEMORANDUM OPINION</u>**

On March 11, 2005, the court heard oral argument in support of and in opposition to the motion of plaintiff, Eddie L. Tucker ("Tucker"), for reconsideration of the court's order of February 17, 2005, and to the motion of defendants, Talladega City Board of Education (" the Board") and Leonard Messer ("Messer"), the Board's Superintendent, to alter or amend the same order. Plaintiff and defendants take issue with different portions of the court's opinion of February 17.

The only complaint Tucker voices about the February 17 opinion is his insistence that the court has erroneously precluded his claims brought under § 1981 and § 1983 by an application of the doctrine of issue preclusion arising out of the rejection by the Alabama State Tenure Commission of Tucker's appeal of the Board's decision to terminate him. The court disagrees with Tucker's position that defendants' interposition of the defenses of collateral estoppel and *res judicata* in their answer was not

sufficient to provide the court a procedural basis for granting summary judgment for the Board under *Travers*. It is not necessary that *Travers* have been specifically argued by defendants in their brief in support of their Rule 56 motion. Getting beyond this procedural question, the court joins Tucker in finding it difficult, if not impossible, to reconcile *Travers* with *Carlisle v. Phoenix City Board of Education*, 849 F. 2d 1376 (11th Cir. 1988), the decision that Tucker relies on in his motion for reconsideration. Nevertheless, the court cannot see how the Tenure Commission could find that the decision of the Board was not "arbitrarily unjust or for political or personal reasons" without an implicit finding of fact that Tucker's termination was not in retaliation for his political speech. Because *Carlisle* is binding precedent, the opinion and accompanying order of February 17 will no longer rely upon *Travers* as the sole basis for concluding that Tucker's § 1981 and § 1983 claims lack viability sufficient to withstand Rule 56 scrutiny.

As against the Board, Tucker's evidence fails to demonstrate facts that can get around *Monell*. There is nothing before the court to reflect, or that arguably tends to prove, the existence of an official policy by the Board of retaliating against employees who exercise protected speech. Even if there is evidence that Messer's recommendation of Tucker's termination was, to some degree, motivated by a desire to retaliate against Tucker,

something that Messer vehemently denies, *respondeat superior* cannot form a bridge upon which Tucker can reach the Board under § 1981 or § 1983.  *See Jett v. Dallas Independent School District*, 491 U.S. 701 (1989).  The insurmountable *Monell* defense renders unnecessary any reliance by the court upon *Travers* and upon the Tenure Commission's conclusion that there was no political motivation.

In its motion, the Board points out that the court inadvertently left out any reference to § 1981 in its order of February 17.  The Board is correct, and the order will be amended accordingly.

Messer renews his argument for qualified immunity, and promises an appeal under *Forsyth v. Mitchell*, if he is denied this defense.  Meanwhile, the Board challenges this court's conclusion that Tucker has presented sufficient evidence for a Title VII retaliation case of a causal connection between Tucker's protected activity and the termination decision.  The Board argues that the time lapse between the protected activity and the adverse employment decision was too great to allow a finding of causal connection.  This is a good argument with support in the Eleventh Circuit cases, but the fact that Tucker was arguably a continuing thorn in the Board's side can form the basis for a logical, if weak, argument that the Board and Messer were "laying in wait" for Tucker.

The Board's renewed argument that there is no evidence upon

3

which a reasonable factfinder could find that its many articulated, logical reasons for firing Tucker, are all pretextual, also has a lot of merit, but, in this court's opinion, not enough to keep the issue of motivation away from a jury.

The order of February 17, 2005, will be separately amended to make it consistent with this opinion.

DONE this 16th day of March, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE